Filed 4/11/25  P. v. Weir CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B338689 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA098599) |
| v. | |
| RANDALL WEIR, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Randall Weir (defendant) appeals from the denial of his petition for vacatur of his murder convictions and for resentencing under Penal Code section 1172.6[1] after the trial court found him ineligible as a matter of law.  Appointed counsel found no arguable issues and filed a brief requesting this court to follow the

---

[1]     All further unattributed code sections are to the Penal Code unless otherwise stated.

procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Defendant filed a supplemental brief in which he makes several arguments of little relevance. We find no merit to defendant's arguments and affirm the order denying the petition.

## BACKGROUND

On May 20, 2019, after defendant's first two trials ended without a unanimous verdict, a third jury found defendant guilty of three counts of first degree murder (§ 187, subd. (a)). As to all three counts, the jury found true the allegations that a principal was armed with a firearm (§ 12022, subd. (a)(1)), and defendant personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subds. (b)–(d)). The jury also found true the multiple-murder special-circumstance allegation (§ 190.2, subd. (a)(3)). Defendant was sentenced on March 10, 2021, to three prison terms of life without the possibility of parole, plus 75 years to life. The judgment was affirmed on appeal in *People v. Weir* (Dec. 21, 2022, No. B311555) (nonpub. opn.).

The Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) amending sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 also enacted section 1172.6 (formerly section 1170.95), which sets forth the procedures for petitioning for relief under the amended sections 188 and 189.

In 2023 defendant filed a form petition for resentencing, which included all allegations required by section 1172.6, subdivision (a)(1) through (3). The petition noted the year of conviction was 2019 and included a request for appointment of counsel. The trial court summarily denied the petition without appointing counsel or receiving

briefs, finding defendant ineligible for relief because it was noted on the face of the petition he was convicted after January 1, 2019.

Defendant filed an amended section 1172.6 petition in 2024. It too was on a standard form, with all required allegations. The year of conviction (2019) was on the face of the form. The proof of service had an amended address for the district attorney, and defendant's statement was attached. Also attached was a copy of the verdict reflecting a true finding of the multiple-murder special circumstance alleged under section 190.2, subdivision (a)(3), selected jury instructions given at the 2019 trial, police reports, and other records. In his statement, defendant essentially alleged the record of conviction showed he was not the actual killer and it thus did not conclusively establish that malice was not imputed based solely on his participation in the crime personally acted with malice. The petition alleged defendant could not presently be convicted of murder because of changes made to Penal Code sections 188 and 189, effective January 1, 2019, and again requested the appointment of counsel.

On May 16, 2024, the trial court summarily denied the petition without appointing counsel or entertaining briefing, ruling defendant had not made a prima facia showing of eligibility, because defendant's conviction occurred after January 1, 2019.

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we are not required to conduct an independent review of the record. (See *Delgadillo, supra*, 14 Cal.5th at p. 226.) However, even if we do not independently review the record to identify unraised issues in a case, we give defendant the opportunity to file his own supplemental brief or

3

letter and we then evaluate any specific arguments raised. (See *id*. at p. 232.)

Counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief. We notified defendant of counsel's brief and gave defendant 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments he wished to be considered; and we advised him if no supplemental brief or letter is timely filed the appeal may be dismissed as abandoned. Defendant filed a supplemental brief within the time allowed. Among other arguments, he claims the trial court was not presented with a record adequate for review.

If a petitioner files a facially sufficient resentencing petition requesting counsel, a trial court must appoint counsel, entertain briefing, conduct a prima facie review hearing under section 1172.6, subdivision (c), and make a preliminary determination of entitlement to relief if the allegations are proved. (§ 1172.6, subds. (b) & (c); see *People v. Lewis* (2021) 11 Cal.5th 952, 957, 960, 962, 964 (*Lewis*).) The trial court must take the petitioner's factual allegations as true but if the court finds the record of conviction refutes allegations made in the petition as a matter of law, the court may deny the petition without issuing an order to show cause or conducting an evidentiary hearing pursuant to section 1172.6, subdivision (d). (*Lewis*, at p. 971.) If the court determines a prima facie showing has been made, it must issue an order to show cause and then hold an evidentiary hearing pursuant to section 1172.6, subdivision (d) to determine whether to vacate the conviction and resentence the petitioner. (§ 1172.6, subd. (c); *Lewis*, at p. 960.)

Failure to appoint counsel and follow the required prima facie procedures is subject to the harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis, supra*, 11 Cal.5th at pp. 957–958, 974.) This means defendant "must therefore 'demonstrate there is a reasonable probability that in the absence of the error he . . .

would have obtained a more favorable result' [and must do so by] 'showing "it is reasonably probable that if [he] had been afforded assistance of counsel his . . . petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis, supra*, 11 Cal.5th at p. 974.)

In his supplemental brief, defendant asserts his trial counsel provided inadequate representation, and appellate counsel did not provide him with the record in time to prepare his supplemental brief. Defendant also argues his section 1172.6 petition and the facts of his case raised an issue under the holdings of *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. His argument is unclear but appears to be that the evidence supporting the special circumstance should have been analyzed under those cases to determine whether he harbored an intent to kill. Defendant suggests the issue presents a mixed question of law and fact, though predominantly one of law, and the trial court should have applied a factfinding process which this court should independently review. We agree the denial of defendant's petition at this stage of the proceedings presents a question of law which we review independently. (See *People v. Morales* (2024) 102 Cal.App.5th 1120, 1131.) However, we reject defendant's assertion the trial court should have engaged in factfinding at the prima facie stage of the proceedings. (See *Lewis, supra*, 11 Cal.5th at p. 972.)

Here, defendant checked all the necessary boxes on his form petition to make it seem facially sufficient. However, the 2019 date of conviction was on the first page of the form petition. Senate Bill 1437 became effective January 1, 2019. From that date forward no person could be lawfully prosecuted under an imputed malice theory of murder. There was no fact finding by the trial court—it merely read the petition and observed the date made defendant ineligible for relief under section 1172.6. Therefore we find no error and affirm the order

5

of the trial court.  However, even if the trial court here erred, we find the error harmless.

Section 1172.6 procedure allows a petition for *retroactive* relief for those who could not be convicted under *current* law, that is, sections 188 and 189 as amended effective January 1, 2019.  (See *Lewis, supra*, 11 Cal.5th 952, 957.)  "In other words, section 1172.6 'provides a procedure whereby persons convicted of murder under a now-invalid theory may petition to vacate their conviction.' "  (*People v. Reyes* (2023) 97 Cal.App.5th 292, 298–299.)  As defendant was convicted of murder *after* Senate Bill 1437 became effective, "the now invalid theories of murder liability had already been eliminated" and defendant has already received its benefits; thus he does not qualify for resentencing relief under section 1172.6 as a matter of law.  (*People v. Reyes,* at pp. 298–299.)

We conclude that even if counsel had been appointed, briefing entertained and a prima facie hearing conducted, it is not reasonably probable that the trial court would *not* have summarily denied defendant's petition without an evidentiary hearing.  Any error would therefore be harmless.  (*Lewis, supra*, 11 Cal.5th at p. 974.)

## DISPOSITION

The May 16, 2024 order denying the defendant's petition is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.              CHAVEZ, J.        RICHARDSON, J.